794 P.2d 654

**Harold W. RUSSELL,
Petitioner–Appellant,**

**v.**

**STATE of Idaho, Respondent.**

**No. 17557.**

Court of Appeals of Idaho.

July 3, 1990.

Fitzgerald & Sims, William J. Fitzgerald, Lewiston, for petitioner-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is a review of an order denying an application for relief under the Post–Conviction Procedure Act, I.C. § 19–4901 to –4911. In his application, Harold Russell alleged that he was denied effective assistance of counsel, causing him to enter an involuntary plea of guilty and to receive an excessive sentence for the crimes of first degree burglary and grand theft. Russell also submitted that the district judge failed to inform him of his Sixth Amendment rights before he entered his plea. After conducting an evidentiary hearing, the district judge concluded that Russell was not entitled to relief and denied the application. On appeal, Russell raises the same arguments and further avers that his former attorney failed to file a timely direct appeal of his judgment of conviction.[1] For the reasons explained below, we affirm the denial of Russell's post-conviction relief application.

The essential facts of this case are as follows. At approximately 4:00 a.m. on the morning of March 11, 1984, Deputy Thomas Myers of the Lewis County Sheriff's Office heard a burglar alarm sound at a cafe in Kamiah, Idaho. In the dim light,

---

1. Russell is represented by another attorney in this appeal.

Myers observed a man walking away from the cafe. Upon Myers' order to stop, the suspect began to run away. Myers—alone at the time—pursued the suspect and eventually apprehended him in a field close to the cafe. While Myers was handcuffing the suspect, his police handgun discharged. The bullet struck the suspect in his ribs on the left side. The suspect, later identified as Russell, was hospitalized and subsequently charged with two counts of first degree burglary based upon evidence found at the crime scene.

The Lewis County public defender was appointed to represent Russell. Russell initially pled not guilty to both burglary charges. However, pursuant to a plea agreement, Russell pled guilty to one count of first degree burglary and one charge of grand theft. In exchange, the prosecutor agreed not to file a persistent violator charge against Russell. The district judge sentenced Russell to a ten-year fixed term for the first degree burglary conviction, and to a concurrent and identical term for grand theft. Russell did not file a direct appeal from his judgment of conviction, but he did file a motion to reduce his sentences under I.C.R. 35. This motion was denied by the district court and affirmed by this Court on appeal. *State v. Russell*, 109 Idaho 723, 710 P.2d 633 (Ct.App.1985).

Russell subsequently filed this application for post-conviction relief. An evidentiary hearing was held by the district court and the application was denied in its entirety. This appeal followed.

# I

## STANDARD OF REVIEW

■ Our review of Russell's application is governed by the following standards. An application for post-conviction relief is resolved through a special proceeding, civil in nature. *State v. Bearshield*, 104 Idaho 676, 662 P.2d 548 (1983). To prevail, the petitioner must prove—by a preponderance of evidence—the allegations on which the application for relief is based. I.C.R. 57(c); *Pierce v. State*, 109 Idaho 1018, 712 P.2d 719 (Ct.App.1985). On ap-

peal, we will not disturb the judge's findings of fact unless clearly erroneous. I.R. C.P. 52(a); *Reeves v. State*, 105 Idaho 844, 673 P.2d 444 (Ct.App.1983). Furthermore, to prevail on a claim of ineffective assistance of counsel, the applicant must show that his attorney's performance was deficient, and that he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Aragon v. State*, 114 Idaho 758, 760 P.2d 1174 (1988); *Young v. State*, 115 Idaho 52, 764 P.2d 129 (Ct.App.1988) (review denied). To establish a deficiency, the applicant has the burden of showing that his attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho at 760, 760 P.2d at 1176. To establish prejudice, the applicant must show a reasonable probability that, but for his attorney's deficient performance, the outcome of his trial would have been different. *Id.* at 761, 760 P.2d at 1177.

■ In advancing a post-conviction relief claim, the applicant bears a heavy burden in proving that his attorney's performance was deficient. Because of the distorting effects of hindsight in reconstructing the circumstances of counsel's challenged conduct, there is a strong presumption that counsel's performance was within the wide range of reasonable professional assistance—that is, "sound trial strategy." *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065. Therefore, strategic or tactical decisions made by trial counsel will not be second-guessed on review, unless those decisions were made upon a basis of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation. *State v. Larkin*, 102 Idaho 231, 628 P.2d 1065 (1981). Both the deficient performance and prejudice components of this standard are mixed questions of law and fact. *Davis v. State*, 116 Idaho 401, 775 P.2d 1243 (Ct.App.1989). On appeal of an ineffective assistance of counsel claim, we will defer to the facts found upon substantial evidence by the trial court, but we will freely review application of the law to the facts thus found. *Id.*

## II

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

We first address Russell's ineffective assistance of counsel claims. Russell makes several allegations of ineffective assistance of counsel against the public defender who represented him during his original criminal proceedings. First, he contends that the public defender failed to make a timely request of information and materials available to the prosecutor, including a video-tape re-enactment of the arrest, in which the arresting police officer allegedly made contradictory statements regarding Russell's shooting. Russell also submits that the public defender should have filed a timely suppression motion in an attempt to exclude the items seized at the time of his arrest. Next, Russell submits that the public defender failed to investigate the circumstances under which Russell was shot, and also failed to look into Russell's complaints of mistreatment while incarcerated at the Lewis County jail. Russell contends that, based upon the totality of his attorney's shortcomings in handling his case, he was left with no alternative but to plead guilty to the charges against him, and thus, his plea was not knowingly and voluntarily made. Finally, Russell asserts that he was deprived of the effective assistance of counsel when his attorney failed to file an appeal directly from the judgment of conviction.

■Based upon our review of the record, we conclude—as did the district court—that Russell has failed to prove that the public defender's representation constituted ineffective assistance of counsel. We agree with the district judge's conclusion that there was neither deficiency nor resulting prejudice originating from the public defender's investigation of Russell's case. Generally, defense counsel is bound to conduct a prompt and thorough pretrial investigation of his or her case. *State v. Perez*, 99 Idaho 181, 579 P.2d 127 (1978). The course of that investigation will naturally be shaped by a variety of factors, many peculiar to the particular case. *Id.* Determining whether an attorney's pretrial preparation falls below a level of reasonable performance constitutes a question of law, but is essentially premised upon the circumstances surrounding the attorney's investigation. *See Davis v. State, supra.* In the present case, although the public defender admitted that he did not file a request for discovery of materials and information pertinent to the charges against Russell, he did testify at the post-conviction relief hearing that he availed himself of the prosecutor's "open file" policy by reviewing all documents contained in the file. He also testified that he retained the documents which he felt were important. Although it may have been advantageous for the attorney to file a discovery request, it does not appear from the record that he would have uncovered any additional or different information than what he obtained from his review of the prosecutor's file. Furthermore, Russell has not indicated what evidence, other than the video-tape discussed below, would have benefited his case. *See State v. Morris*, 97 Idaho 420, 546 P.2d 375 (1976) (applicant must identify evidence which would have benefited him).

■ Furthermore, our review of the record indicates that the public defender's failure to view the video-tape of the scene was not prejudicial. We have viewed the tape in its entirety, and conclude that the statements made by Officer Myers substantially conform to his reports of the shooting incident prepared shortly after Russell's arrest. Contrary to Russell's contention, Myers never stated—in his investigative reports, or on the video-tape—that he intentionally shot Russell. To the contrary, the officer's testimony on the video-tape substantiates his earlier reports that Russell was accidently wounded while being handcuffed. Although it may have been advantageous for the public defender to view the video-tape during his investigation, his failure to do so had no significant bearing on the disposition of Russell's case.

■ Likewise, we also conclude that the public defender's failure to file a suppression motion did not constitute deficient per-

formance. Russell's assertion on this point is based on the premise that his arrest was illegal due to the arresting officer's lack of probable cause to detain him. However, a review of the facts reveals that the arresting officer observed Russell at the scene of the cafe, late at night, acting in a suspicious manner shortly after the cafe alarm had sounded. Russell thereafter tried to elude the officer when asked to stop. Based upon these facts, the public defender testified at the post-conviction relief hearing that—in his estimation—any attempt to show that Russell's arrest was illegal and to suppress the evidence obtained by that arrest would have been futile. Consequently, the district judge found that the public defender's failure to file a suppression motion was not unreasonable. We agree with the district judge's conclusion.

■ Next, we address Russell's claim that the public defender failed to investigate the circumstances of Russell's shooting or his allegations of mistreatment while in custody at the Lewis County jail. The public defender testified at the post-conviction relief hearing that he did investigate the events surrounding Russell's shooting, but informed Russell that he would not represent him in any civil action which Russell intended to pursue in this matter. The attorney also testified that he provided Russell with the names of several other attorneys who might be willing to represent him. Furthermore, Russell has failed to proffer any reasons why the shooting would have had a significant bearing on his arrest for burglary. In addition, the public defender testified that he did not remember Russell complaining of any mistreatment at the jail prior to his plea-change hearing. Although Russell testified that he did inform the attorney of his mistreatment, the district judge was free to find—based upon this conflicting testimony—that the public defender was not informed of any mistreatment. From this evidence, the district judge was free to conclude that the public defender's performance was not deficient in this regard.

■ Finally, we consider Russell's argument that he was denied effective assistance of counsel by his attorney's failure to file an appeal directly from the judgment of conviction. It is undisputed that no such appeal was filed. We note that this issue was not specifically raised in Russell's petition for post-conviction relief,[2] and, although there was some evidence submitted on the point, the district judge did not rule on the issue. Nevertheless, we find no error.

It appears that Russell has received full review on the merits of every ground upon which he has challenged the judgment of conviction. He has identified no other underlying issue that he would have raised, and could only have raised, in a direct appeal. Consequently, he has failed to show prejudice. As noted earlier, where effective assistance of counsel is questioned, a petitioner for post-conviction relief must show not only deficient performance by the attorney but also the resultant prejudice. *Strickland v. Washington, supra; Aragon v. State, supra.* Similarly, in an appeal, an appellant must not only show the existence of error below but also the resultant prejudice. *Viehweg v. Thompson,* 103 Idaho 265, 647 P.2d 311 (Ct.App. 1982) (review denied). Here Russell has failed to show prejudice—that is, what meritorious issues were lost as a result of a lack of a direct appeal.

In summary, we hold that Russell has failed to prove that the public defender's representation of him constituted ineffective assistance of counsel. Consequently, we reject Russell's contention that his plea of guilty was not knowingly and voluntarily made due to the alleged shortcomings of his attorney.

### III

### FAILURE TO INFORM

■ Next, we address Russell's claim that the district judge failed to inform him of his constitutional rights at the time of his plea-change hearing. Russell contends

---

**2.** I.C. § 19–4908 requires that all grounds for relief available to an applicant must be raised in his original, supplemental or amended application for post-conviction relief.

that the district judge failed to notify him that, by entering a guilty plea, he was waiving his right to a jury trial, his right to confront his accuser, and his right to refrain from self-incrimination, all in violation of his constitutional protections under the Sixth Amendment to the United States Constitution, and article I, § 13 of the Idaho Constitution. Russell also maintains that at the time of his plea change, the district judge was aware that he had been shot during the course of his arrest, and that this fact had a bearing on the voluntariness of his plea.

 We find no error in the district judge's failure to notify Russell of his constitutional protections at the time of his plea-change hearing. When a defendant enters a guilty plea, a waiver of his rights will not be valid unless the record, on the whole, indicates that such a plea is knowingly, intelligently and voluntarily made. *State v. Carrasco*, 117 Idaho 295, 787 P.2d 281 (1990); I.C.R. 11(c). Here, the record reveals that the district judge informed Russell of the waiver of his rights if he pled guilty, when Russell appeared for his initial arraignment. Russell acknowledged that he understood these rights. Under these circumstances, we cannot say that Russell was uninformed regarding his Sixth Amendment rights. We therefore find no lack of voluntariness in his plea.

Likewise, we also find no error in accepting the plea, based upon the district judge's knowledge of Russell's shooting, nor based upon any mistreatment he allegedly suffered while being detained in the Lewis County jail. Although the judge was aware that Russell had been shot, the record of Russell's plea-change hearing reveals that he expressed no fear of remaining in the jail. In any event, the judge in the post-conviction hearing evidently was not persuaded that any such fear deprived Russell of the capacity to make an intelligent, knowing and voluntary decision to plead. We find no error.

In summary, the district judge's order denying Russell's post-conviction relief application is therefore affirmed.

BURNETT and SWANSTROM, JJ., concur.