908 P.2d 162

**Ramiro Vasquez BANUELOS,**
**Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 21549**

Court of Appeals of Idaho.

Dec. 13, 1995.

Van G. Bishop, Canyon County Public Defender, Nampa, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Ramiro Vasquez Banuelos appeals from the district court's summary dismissal of his application for post-conviction relief. We affirm the district court's order with respect to Banuelos's claims that the prosecutor breached a plea agreement with Banuelos and that Banuelos's attorneys in the criminal case were ineffective for failure to challenge validity of a wiretap and for failure to reserve the right to appeal from an order denying Banuelos's motion to suppress evidence. We reverse, however, and remand for further proceedings with respect to Banuelos's claim that he received ineffective assistance because his attorneys forced him to plead guilty.

By indictment, Banuelos was charged with conspiracy to deliver cocaine, I.C. §§ 37–2732(a)(1)(A), 37–2732(f); conspiracy to deliver marijuana, I.C. §§ 37–2732(a)(1)(B), 37–2732(f); delivery of cocaine, I.C. § 37–2732(a)(1)(A); and delivery of marijuana, I.C. § 37–2732(a)(1)(B). Banuelos was represented by two attorneys. One of his attorneys was from out-of-state and apparently was admitted *pro hac vice* to represent Banuelos in association with a licensed Idaho attorney. After motions to suppress evidence were denied by the district court, the trial of Banuelos and two co-defendants began. Three days into the trial, a plea agreement was reached by which Banuelos agreed to plead guilty to the two conspiracy charges and the State agreed to dismiss the delivery charges. After being sentenced, Banuelos filed a motion to withdraw the guilty pleas. That motion was denied. Banuelos appealed from the judgment of conviction and the order denying his motion to withdraw the guilty pleas. On that direct appeal, this Court overturned a restitution order, but otherwise affirmed the judgment of conviction, the sentences, and the order disallowing Banuelos's request to withdraw his pleas. *See State v.* *Banuelos,* 124 Idaho 569, 861 P.2d 1234 (Ct. App.1993).

Following that appeal, Banuelos commenced the present proceeding for post-conviction relief, alleging breach of the plea agreement by the State and alleging that Banuelos's defense attorneys provided ineffective assistance in that (1) they failed to preserve Banuelos's right to appeal from an order denying his motion to suppress evidence, (2) they did not move to suppress evidence obtained by the State through a wiretap, and (3) one of the attorneys forced Banuelos to plead guilty after his co-defendants decided to plead guilty because Banuelos's attorney was dependant upon co-defendants' counsel and was not prepared to continue the trial alone. The State moved for summary dismissal of the application, and the district court granted the motion. Banuelos appeals from that order, contending that he was entitled to an evidentiary hearing on his claims.

**A. Standard of Review**

■■■ A post-conviction action is separate from the underlying criminal action and is civil in nature. *Peltier v. State,* 119 Idaho 454, 456, 808 P.2d 373, 375 (1991); *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994). The applicant must prove by a preponderance of the evidence the allegations supporting his claim for relief. I.C.R. 57(c); *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). A claim for post-conviction relief will be subject to summary dismissal pursuant to I.C. § 19–4906 if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof. *Roman,* 125 Idaho at 647, 873 P.2d at 901. However, if there exist genuine issues of material fact which, if resolved in the applicant's favor, would entitle the applicant to relief, summary disposition is improper and an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 819 P.2d 1159 (Ct.App.1991). On appeal from a summary dismissal, therefore, the question presented is whether the application, affidavits and other evidence supporting the applica-

tion allege facts which, if true, would entitle the applicant to the requested relief. *White-hawk v. State*, 116 Idaho 831, 833, 780 P.2d 153, 155 (Ct.App.1989).

## B. Breach of Plea Agreement

■ Banuelos's application alleged that the prosecutor breached the plea agreement with Banuelos by recommending to the court a sentence in excess of that which the prosecutor agreed to recommend. The district court dismissed this claim on the ground that an identical claim for relief had already been presented in the criminal action by Banuelos's motion for withdrawal of the guilty pleas pursuant to I.C.R. 33, and the district court's denial of that motion had been affirmed in the prior appeal.

The district court's determination was correct. Banuelos's motion in the criminal action to set aside the guilty pleas was predicated upon an allegation that the prosecutor breached a term of the plea agreement regarding sentencing. After taking evidence and conducting a hearing on that motion, the district court found that a specific sentencing recommendation was not part of the plea agreement. This Court affirmed that finding and the order denying Banuelos's motion to withdraw his guilty pleas in the direct appeal. *Banuelos*, 124 Idaho at 575, 861 P.2d at 1240.

■ Post-conviction relief is available where "there exists evidence of material facts, *not previously presented and heard,* that requires vacation of the conviction or sentence in the interest of justice." I.C. § 19–4901(a)(4) (emphasis added). A post-conviction action is not a substitute for and does not supplant a direct appeal from the conviction or sentence. I.C. § 19–4901(b); *Paradis v. State*, 110 Idaho 534, 537, 716 P.2d 1306, 1309. Therefore, "[a] convicted defendant may not simply relitigate the same factual questions in his application, in virtually the same factual context already presented in a direct appeal." *Whitehawk*, 116 Idaho at 833, 780 P.2d at 155. The district court therefore correctly dismissed this claim.

## C. Ineffective Assistance of Counsel

■ Banuelos next claims that his guilty pleas should be set aside because he received ineffective assistance of counsel. An applicant seeking relief on this basis must satisfy a two-part test. First, the applicant must show that the attorney's performance in the criminal proceeding was deficient, i.e., that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Second, the applicant must demonstrate that the attorney's ineffective performance prejudiced the applicant. *Strickland,* 466 U.S. at 691–96, 104 S.Ct. at 2066–69; *Aragon*, 114 Idaho at 760–61, 760 P.2d at 1176–77. To withstand a motion for summary dismissal of an ineffective assistance claim, a post-conviction applicant must allege facts meeting both prongs of this test. *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992); *Roman*, 125 Idaho at 649, 873 P.2d at 903. With these standards in mind we will examine each of Banuelos's claims of ineffective assistance of counsel.

### 1. Lack of preparedness for trial.

■ The criminal action against Banuelos and related actions against two co-defendants were consolidated for trial. On the third day of the joint trial, the co-defendants decided to plead guilty. Banuelos contends that he was then forced to also plead guilty because his trial attorney had been relying on counsel for the co-defendants to present a joint defense and was unprepared to continue the trial without the other attorneys' participation. According to Banuelos's verified application for post-conviction relief, once the co-defendants had decided to plead guilty, one of Banuelos's defense attorneys insisted that Banuelos also enter guilty pleas, informed Banuelos that the attorney was not prepared to continue with the trial because he was dependent upon the co-defendants' counsel, and informed Banuelos that the attorney was unwilling to continue with the trial defense. Banuelos asserts that as a result, he was forced to plead guilty. Banuelos maintains that he would have gone forward with the

trial but for his attorney's insistence that Banuelos give up his defense and plead guilty.

The district court dismissed this claim on the ground that it had already been determined on Banuelos's direct appeal. We find this conclusion erroneous. As noted above, in the criminal case Banuelos had sought to withdraw his guilty pleas on grounds of a breach of the plea agreement by the prosecutor. That was the only basis for setting aside the guilty pleas that was raised in the direct appeal and, so far as we can discern from the record, it was the only challenge to the guilty pleas raised before the trial court in the criminal action. No claim of ineffective assistance of counsel was asserted or resolved in that appeal. Our statement that "the plea was made voluntarily . . .," *Banuelos*, 124 Idaho at 572, 861 P.2d at 1237, was made with reference to the issue then presented regarding the alleged breach of a plea agreement, and did not address any other challenge to the voluntariness of the plea that was not then before the Court. Banuelos's claim that his guilty pleas should be set aside because they were the product of deficient representation by his attorney is based upon alleged facts entirely different from the factual allegations that underlay his claim of a prosecutorial breach of the plea agreement. Therefore, the decision on the prior appeal does not foreclose the present challenge to the guilty pleas based on ineffective assistance of counsel.

■■■■ When a guilty plea is entered upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985), *quoting McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). In order to satisfy the prejudice requirement for such an ineffectiveness of counsel claim, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S.Ct. at 370;

*Dunlap v. State*, 126 Idaho 901, 905, 894 P.2d 134, 138 (Ct.App.1995).

Banuelos has presented evidence sufficient to raise a factual issue as to whether his attorney performed incompetently by being inadequately prepared for trial and by insisting that Banuelos plead guilty. The fact that Banuelos was already in the midst of trial when the decision to change the plea was made supports Banuelos's statements in his verified application that he would not have pled guilty but for his attorney's delinquencies. Therefore, on the record before us, a factual issue also is presented as to the prejudice prong on this claim of ineffective assistance of counsel. Because factual issues may not be resolved by summary disposition, a remand is necessary for further proceedings on this allegation that Banuelos's guilty plea was coerced by his attorney.

The State points out that Banuelos had a second lawyer representing him in the criminal proceedings, and the unpreparedness of one attorney may not be sufficient to establish ineffective assistance if there is no claim that the other attorney was also unprepared for trial. However, the roles of the two lawyers with respect to the trial are not developed in the existing record. Therefore this Court is unable to hold on this record that Banuelos ultimately will be unable to prove ineffective assistance of counsel. This question of the roles of both attorneys in conducting the trial and in advising Banuelos to plead guilty is an appropriate subject for exploration by the district court on remand.

## 2. Failure to preserve right to appeal denial of suppression motion.

■■■■ Banuelos next asserts he received ineffective assistance when his counsel allowed him to plead guilty without preserving the right to appeal the trial court's earlier denial of Banuelos's motion to suppress evidence. Under Idaho Criminal Rule 11(a)(2), when a defendant pleads guilty, he or she may, with the approval of the court and the consent of the prosecuting attorney, reserve the right to appeal from a prior adverse ruling of the trial court. Banuelos argues that his counsel should have thus reserved

Banuelos's right to appeal the denial of the suppression motion.

■ We conclude that summary dismissal of this claim was appropriate because Banuelos has not shown that his attorneys' conduct was deficient or unreasonable. Banuelos has presented no evidence of the facts underlying the suppression motion and no record from the criminal proceedings showing the grounds on which the motion was denied. Without such evidence there has been no showing that an appeal of the order denying the motion would have had even arguable merit. Therefore, Banuelos has not made a prima facie showing that his attorneys were deficient for failing to attempt[1] to preserve the right to appeal pursuant to I.C.R. 11(a)(2).

Banuelos contends that he need not show that the missed appeal issue would have had merit. He relies on a line of cases in which we have held that where a criminal defendant asks defense counsel to appeal, and the attorney fails to honor that request by filing an appeal, the defendant is deprived of the effective assistance of counsel. *See Beasley v. State,* 126 Idaho 356, 359–62, 883 P.2d 714, 717–20 (Ct.App.1994); *Ricca v. State,* 124 Idaho 894, 898, 865 P.2d 985, 989 (Ct.App. 1993); *Mata v. State,* 124 Idaho 588, 592–93, 861 P.2d 1253, 1257–58 (Ct.App.1993); *Flores v. State,* 104 Idaho 191, 657 P.2d 488 (Ct.App. 1983). In these cases, the Court did not require that a meritorious ground for an appeal be shown before the applicant could be entitled to post-conviction relief. Rather, the loss of the opportunity to appeal was itself deemed sufficient prejudice to support a claim of ineffective assistance of counsel. *Beasley,* 126 Idaho at 361, 883 P.2d at 719; *Ricca,* 124 Idaho at 898, 865 P.2d at 989; *Mata,* 124 Idaho at 593, 861 P.2d at 1258.

■ We conclude, however, that Banuelos's claim differs from these cases with respect to the performance required of counsel. It is significant that *Beasley, Ricca, Mata,* and *Flores* all involved the right of a criminal defendant to assistance of counsel on appeal. It has long been established that a defen-

dant's right to legal representation includes the right to counsel on appeal. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). In *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the United States Supreme Court held that the role as appellate advocate requires that a court-appointed attorney support the client's appeal to the best of the attorney's ability, and even if the attorney finds no meritorious basis for the appeal, he or she is not free to simply abandon the appeal and do nothing. Counsel is first required to conduct "a conscientious examination" of the case. *Id.* at 744, 87 S.Ct. at 1400. If after such examination the attorney finds the appeal to be wholly frivolous, the attorney may so advise the court and request permission to withdraw. However, that request must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* This brief is required both to assure that the attorney has in fact conducted the required detailed review of the case and to facilitate the appellate court's own examination of the record to decide whether the case is wholly frivolous. *Id.* at 745, 87 S.Ct. at 1400; *Penson v. Ohio,* 488 U.S. 75, 80–82, 109 S.Ct. 346, 349–51, 102 L.Ed.2d 300 (1988). Thus, the duty to represent a defendant on appeal imposes on counsel the obligation to take certain steps, including the preparation of a brief, even when no meritorious grounds for appeal are found. An attorney who declines to take these steps in response to the client's directive to appeal fails in his or her responsibility to the client, and no further facts need be shown to establish that the attorney's performance was deficient.

■ There exists, however, no equivalent obligation of an attorney to take steps to reserve in a plea agreement the right to appeal every adverse ruling theretofore made by the trial court. In the analogous context of a claim that an attorney was deficient for failing to file a motion, we have noted that if the motion was not meritorious and would have been denied, counsel ordi-

---

1. Since under I.C.R. 11(a)(2) reservation in a guilty plea of the right to appeal a previous ruling requires the acquiescence of the prosecu-

tor and the approval of the court, it is not something that can be done unilaterally by the defendant.

narily would not be deemed deficient for failing to pursue it. *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App. 1995); *Huck v. State*, 124 Idaho 155, 158–59, 857 P.2d 634, 637–38 (Ct.App.1993). In our judgment, the same rationale applies to Banuelos's claim that his attorney was deficient because he did not preserve an issue for appeal through use of I.C.R. 11(a)(2) conditional guilty plea. Absent a showing that there existed a meritorious appellate issue to present, an attorney is not deficient for having made no effort to reserve a right to appeal a ruling made prior to a guilty plea.

Thus, in order to prevail on this claim that his counsel did not perform competently, Banuelos was required, at a minimum, to present facts indicating that his suppression motion had merit and that there was a reasonable probability that Banuelos would have prevailed on an appeal from the denial of the motion had the issue been preserved. Banuelos presented no evidence whatsoever regarding the merits of his suppression motion. Therefore, he has not raised a factual issue requiring a hearing on this claim of ineffective assistance of counsel.

### 3. Failure to challenge evidence obtained through wiretap.

Banuelos's final contention is that his attorneys were derelict in not challenging the validity of a wiretap authorization and seeking suppression of evidence obtained through the wiretap. As noted above, counsel will be found deficient for failure to file a suppression motion only when it is shown that such a motion would have had a reasonable probability of success. *Huck*, 124 Idaho at 158–59, 857 P.2d at 637–38. The record in this case is devoid of any evidence to meet Banuelos's burden of proof on this element of his claim. Banuelos has not placed before the court the evidence on which the magis-

trate relied in issuing the wiretap authorization nor any legal rationale for suppression of evidence gained thereby. He makes only the unsubstantiated allegation that, "had defense counsel challenged the validity of the wiretap authorization and made a timely motion to suppress, it is likely that any evidence obtained pursuant to a wiretap would have been ruled inadmissible against petitioner." Bare assertions and speculation, unsupported by specific facts, do not suffice to show ineffective assistance of counsel and do not entitle a post-conviction applicant to an evidentiary hearing. *Smith v. State*, 94 Idaho 469, 473, 491 P.2d 733, 737 (1971); *State v. Rendon*, 107 Idaho 425, 427, 690 P.2d 360, 362 (Ct. App.1984). Therefore, this claim was correctly dismissed by the district court.

### D. Conclusion.

We affirm the district court's summary dismissal of Banuelos's claims that the prosecution breached the plea agreement and that he was deprived of effective assistance of counsel because his counsel did not challenge the validity of the wiretap authorization and did not preserve the opportunity to appeal the order denying Banuelos's suppression motion. The district court's summary dismissal of Banuelos's claim that he was forced to plead guilty by his defense counsel because counsel was unprepared for trial is reversed. This case is remanded for further proceedings consistent with this opinion.

WALTERS, C.J., and PERRY, J., **concur.**