57 P.3d 787

**Laura GILPIN–GRUBB, Plaintiff–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 28391.

Supreme Court of Idaho, Boise, September 2002 Term.

Oct. 23, 2002.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant. Sara B. Thomas argued.

Hon. Alan B. Lance, Attorney General; T. Paul Krueger, II, Deputy Attorney General, Boise, for respondent. T. Paul Krueger, II argued.

WALTERS, Justice.

Petitioner, Laura Gilpin Grubb, appeals the dismissal of her application for post-conviction relief and denial of her motion for reconsideration. Petitioner asserts that her counsel ineffectively assisted her and that there are genuine issues of material facts that should prevent the dismissal of her application for post-conviction relief. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

The facts from Petitioner's underlying criminal case are stated in *State v. Gilpin,* 132 Idaho 643, 977 P.2d 905 (Ct.App.1999) as:

Gilpin was driving on a remote highway near Mountain Home, Idaho, [on May 17, 1995] with her two small children in the backseat of her utility vehicle. Her vehicle rolled over in a one-car accident, and Gilpin and her youngest child were ejected. As a result of the accident, Gilpin's youngest child died. Gilpin was life-flighted to Saint Alphonsus Regional Medical Center in Boise and was treated for a number of injuries, the most severe being injuries to her head. Upon her admittance to the emergency room, Gilpin was given a pseudo-identity, which assigned her the name "Unknown Fulton" and described her as a ninety-four-year-old male. Gilpin was also assigned a patient identification number (PIN) 2030021 and a medical record number (MRN) 00300880, which were on bands placed around each wrist.

Following standard protocol in treating a trauma patient, hospital personnel drew blood from Gilpin and sent it to the hospital laboratory for testing. The test results indicated that Unknown Fulton, with PIN 2030021 and MRN 00300880, had a blood alcohol level of .22.

Gilpin was charged with vehicular manslaughter and child endangerment.

*Id.* at 644, 977 P.2d at 906.[1]

Prior to trial in the criminal action, in 1997 Petitioner filed a motion in limine to sup-

1. Petitioner was referred to as Laura Gilpin and/or Laura Pomerleau in the record of the underlying criminal case.

press the results of the blood test, asserting the State could not lay an adequate foundation for the test's admissibility. The district court denied the motion finding that Petitioner had failed to show a lack of foundation for the admission of the test results. Petitioner then entered a conditional guilty plea to the charge of vehicular manslaughter, reserving her right to appeal the denial of her motion in limine. On appeal, the Idaho Court of Appeals affirmed the decision of the district court. *Id.* In doing so, the appellate court determined that Petitioner "failed to offer any evidence that her blood samples were tampered with or plausibly suggest the same from the record." *Id.* at 648, 977 P.2d at 910. The court concluded that Petitioner presented no evidence to show that the hospital procedures were not followed and therefore failed to show that the State had not met its burden of proof to show that the blood sample belonged to Gilpin. *Id.*

On March 8, 2000, Petitioner filed an application for post-conviction relief seeking to withdraw her guilty plea to vehicular manslaughter based upon her allegations of ineffective assistance of counsel in failing to reveal potential testimony from Loring Beals, a clinical toxicologist, before Petitioner pled guilty. Attached to her application was a letter from Mr. Beals raising a number of possible challenges to the foundation of the blood alcohol test based upon his review of the preliminary hearing transcript. Petitioner asserted that she did not know of Mr. Beals' work on her case and that, had she known, she would not have pled guilty.

The State filed an answer and a motion for summary dismissal of her application. On May 30, 2000, the district court summarily dismissed Petitioner's application, but later vacated that dismissal by granting Petitioner's motion for reconsideration. The district court further allowed Petitioner until June 19, 2000, to file an amended application.

The State filed a renewed motion for summary dismissal on July 12, 2000, supported by an affidavit from Petitioner's trial counsel, Larry Purviance. Mr. Purviance's affidavit stated that Petitioner was made aware of Mr. Beals' proposed testimony at the time she pled guilty and that, had Mr. Beals testified, he would have testified that any irregularities in the chain of custody of the blood

sample did not render the test results unreliable and that a blood sample was the best means of obtaining an accurate blood alcohol concentration reading. Mr. Purviance also asserted that no other persons were treated in the emergency room while Petitioner was there, so there was no real possibility that any other blood sample could have been confused with her sample.

On August 2, 2000, the district court granted the State's motion and summarily dismissed Petitioner's application. The day before the district court granted the motion, Petitioner filed an objection to the State's renewed motion with two affidavits. The first affidavit was from Petitioner's husband, Sterling Grubb, concerning the "blood expert" Loring Beals, and stating that Mr. Purviance told Petitioner's mother that "he had heard back from the blood expert ... but that the blood expert wouldn't have been able to help any." The second affidavit was from Mr. Beals stating that there was no way to "rule out the possibility that the blood sample had been mixed up ... no way to establish that the blood sample was undisputedly [Petitioner's]."

Petitioner filed a motion to reconsider the summary dismissal, which the district court denied. The Idaho Court of Appeals affirmed the decision of the district court. Petitioner filed a petition for review, which was granted by this Court.

### STANDARD OF REVIEW

When considering a case on review from the Court of Appeals, this Court gives serious consideration to the Court of Appeals; however, this Court reviews the decision of the trial court directly. This Court is not merely reviewing the correctness of the Court of Appeals' decision; rather, this Court is hearing the matter as if the case were on direct appeal from the trial judge's decision.

*Raudebaugh v. State,* 135 Idaho 602, 603, 21 P.3d 924, 925 (2001) (citations omitted).

An application for post-conviction relief is civil in nature. *Stuart v. State,* 136 Idaho 490, 495, 36 P.3d 1278, 1282 (2001). Like a plaintiff in a civil action, the applicant

for post-conviction relief must prove by a preponderance of evidence the allegations upon which the application for post-conviction relief is based. *Grube v. State,* 134 Idaho 24, 995 P.2d 794 (2000). The court may grant a motion by either party for summary disposition of the post-conviction application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.C. § 19–4906(c). On review of a dismissal of a post-conviction relief application without an evidentiary hearing, this Court will determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file and will liberally construe the facts and reasonable inferences in favor of the non-moving party. *LaBelle v. State,* 130 Idaho 115, 118, 937 P.2d 427, 430 (Ct.App. 1997).

■ For an application for post-conviction relief, based on a claim of ineffective assistance of counsel, to survive a motion for summary dismissal, the petitioner must establish that: (1) a material issue of fact exists as to whether counsel's performance was deficient; and (2) a material issue of fact exists as to whether the deficiency prejudiced the applicant's case. *Pratt v. State,* 134 Idaho 581, 583–84, 6 P.3d 831, 833–34 (2000).

## DISCUSSION

Petitioner alleges that the district court erred in summarily dismissing her application for post-conviction relief. Petitioner also contends that the district court failed to address all the evidence that she presented and therefore erred by denying her motion to reconsider the summary dismissal of her application for post-conviction relief. Petitioner argues that there would have been a genuine issue of material fact as to the validity of the blood test had Mr. Beals' affidavit been considered. Petitioner contends that her attorney did not inform her of Mr. Beals' potential testimony and that he may not have been adequately informed of the extent of Mr. Beals' testimony prior to advising her to enter the guilty plea. She argues that this potential expert and potential defense should be sufficient to allow for a finding of ineffective assistance of counsel.

In the order withdrawing the initial summary dismissal dated May 30, 2000, the district court allowed Petitioner until June 19, 2000, to file an amended application in this matter; Petitioner, however, never filed an amended application. The State filed a renewed request for dismissal of her application, which was granted on August 2, 2000, one day after Petitioner filed her objection containing Mr. Beals' and Mr. Grubb's affidavits. Even if the district court did not receive Petitioner's affidavits until after the summary dismissal was issued, the district court had an additional opportunity to review the evidence presented and issued a lengthy written decision when it considered Petitioner's motion to reconsider.

In the district court's order denying Petitioner's motion for reconsideration of the dismissal of her application for post-conviction relief, it found that

> Petitioner has not presented a genuine issue of material fact as to the reliability of the test procedure or results. Petitioner litigated the foundation of the testing before a magistrate at a preliminary hearing, the district court on a motion in limine, and the Idaho Court of Appeals. At each level, the test results were allowed. There is no new evidence that would indicate a different result would have occurred.

The district court further found that Petitioner's application failed to present evidence to show that a different result would have occurred or claim beyond a bare assertion in the application that she would have altered her guilty plea.

Mr. Beals' affidavit states that "there is no way to rule out the possibility that the blood sample had been mixed-up" and "that there was no way to establish the blood sample was undisputedly that of [Petitioner]." Further, Mr. Beals' affidavit states his opinion that the blood test was reliable as it relates to procedures used however not the identity of the person from whom the blood sample was taken. However, he does not point out any facts that serve as a basis for his opinion.

Included as an exhibit to this appeal is an affidavit from Petitioner's trial counsel, Mr. Purviance. In his affidavit, Mr. Purviance pointed out that Mr. Beals' proposed testimony was not only beneficial but also was damaging to Petitioner's case. Mr. Purviance further declared that although there were irregularities in the chain of custody of the blood sample, Mr. Beals would be unable to testify that the blood sample was not necessarily rendered unreliable.

Post-conviction relief is available where "there exists evidence of material facts, *not previously presented and heard,* that requires vacation of the conviction or sentence in the interest of justice." I.C. § 19–4901(a)(4) (emphasis added). A post-conviction action is not a substitute for and does not supplant a direct appeal from the conviction or sentence. I.C. § 19–4901(b); *Paradis v. State,* 110 Idaho 534, 537, 716 P.2d 1306, 1309. Therefore, "[a] convicted defendant may not simply relitigate the same factual questions in his application, in virtually the same factual context already presented in a direct appeal." *Whitehawk,* 116 Idaho at 833, 780 P.2d at 155.

*Banuelos v. State,* 127 Idaho 860, 863, 908 P.2d 162, 165 (Ct.App.1995).

The affidavit from Mr. Beals that was attached to Petitioner's objection to the State's renewed motion to dismiss, presented new testimony to the district court. However, even viewing Mr. Beals' testimony in the light most favorable to Petitioner, without any factual references as to how the identity of the blood evidence was unreliable, it appears that virtually the same facts were presented to the district court at Gilpin's motion in limine hearing and to the court of appeals on her direct appeal. There does not appear to be a genuine issue of material fact that would prevent the district court from summarily dismissing her application. I.C. § 19–4906(c).

Petitioner must establish that (1) a material issue of fact exists as to whether Mr. Purviance's performance was deficient; and (2) a material issue of fact exists as to whether that deficiency prejudiced her case, to prevent her claim for ineffective assistance of counsel from being summarily dismissed. *Pratt v. State,* 134 Idaho 581, 583–84, 6 P.3d 831, 833–34 (2000). "To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness." *Jakoski v. State,* 136 Idaho 280, 282, 32 P.3d 672, 674 (Ct.App.2001) (citing *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990)). Further, "[t]o establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different." *Id.*

Petitioner has alleged that Mr. Purviance may not have been adequately informed prior to advising her to accept the plea agreement. However, the record does not support that Mr. Purviance was inadequately prepared or had other shortcomings that would prevent him from an objective evaluation. *See Matthews,* 136 Idaho 46, 49, 28 P.3d 387 at 390. The record establishes that Mr. Purviance contacted Mr. Beals as an expert witness prior to Gilpin entering a guilty plea.

In his affidavit, Mr. Purviance states that Petitioner knew about the proposed testimony of Mr. Beals, even though she may not have seen the document that Mr. Beals produced as proposed testimony. Further, Mr. Purviance contends he utilized Mr. Beals' proposed testimony to negotiate Petitioner's plea agreement with the State whereby two additional counts were dismissed. Mr. Purviance also pointed out that Mr. Beals' proposed testimony was beneficial but also damaging to Petitioner's case. An affidavit from the prosecutor, Mr. Bazzoli, confirms that Mr. Beals was listed by the defense as a potential witness in a pretrial discovery request dated April 15, 1997.

Trial counsel's strategic or tactical decisions will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Matthews v. State,* 136 Idaho 46, 49, 28 P.3d 387, 390 (Ct.App.2001) (citing *Howard v. State,* 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct.App.1994)); *see also Russell,* 118 Idaho at 67, 794 P.2d at 656.

When a guilty plea is entered upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203, [208] (1985), quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763, [773] (1970). In order to satisfy the prejudice requirement for such an ineffectiveness of counsel claim, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S.Ct. at 370, [88 L.Ed.2d at 210]; *Dunlap v. State*, 126 Idaho 901, 905, 894 P.2d 134, 138 (Ct.App. 1995).

*Banuelos v. State*, 127 Idaho 860, 864, 908 P.2d 162, 166 (Ct.App.1995).

■ Further, the credibility and weight of witnesses' testimony and any inferences drawn from the evidence are generally matters resolved by the district court and will not be set aside on appeal unless clearly erroneous. I.R.C.P. 52(a); *Stuart v. State*, 136 Idaho 490, 495, 36 P.3d 1278, 1282 (2001). To be found clearly erroneous, factual findings would not be supported by "substantial and competent evidence in the record." *Id.*

■ Petitioner does not point to facts to show that Mr. Purviance's advice fell below the range of competence demanded of criminal attorneys. *See Banuelos*, 127 Idaho at 864, 908 P.2d at 166. Although Petitioner contends that had she known of Mr. Beals' potential testimony she would not have pled guilty and would have insisted that her case go to trial, her "[b]are assertions or speculation, unsupported by specific facts, do not suffice to prove ineffective assistance of counsel." *Aragon v. State*, 114 Idaho 758, 764, 760 P.2d 1174, 1180 (1988).

It is presumed that the district court looked at all evidence presented to it, including but not limited to Petitioner's objection, Mr. Beals', Mr. Grubb's and Mr. Purviance's affidavits. The district court found there was no new factual evidence concerning the reliability of the blood evidence contained in Petitioner's application for post-conviction re-lief. Additionally, the district court found that even if Petitioner had not been made aware of Mr. Beal's opinion, there was no evidence or claim in her application beyond a bare assertion that she would have altered her guilty plea. After a review of the record, it cannot be said that this finding is clearly erroneous. This Court holds that the district court did not err in determining that a genuine issue of material fact did not exist as to Mr. Purviance's representation and therefore properly summarily dismissed Petitioner's application as to the ineffective assistance of counsel claim.

## CONCLUSION

This Court affirms the decisions of the district court dismissing Petitioner's application for post conviction relief and denying her motion to reconsider.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and Justice Pro Tem MEEHL, concur.