IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37748

| CAMERON D. WATTS, | ) | 2011 Unpublished Opinion No. 723 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 22, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying application for post-conviction relief, affirmed.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent. Elizabeth A. Koeckeritz argued.

_____

GRATTON, Chief Judge

Cameron D. Watts appeals the district court's denial of his application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Watts was charged by indictment with felony murder in Twin Falls County. Watts was accused of participating with John McElhiney in the kidnapping of Dale Miller. The State alleged that Miller died in the course of that kidnapping. Watts pled not guilty to the charge.

Trial was set to begin in October 2008. Plea negotiations were initially unsuccessful. However, before the case went to trial, Watts' counsel was advised that the State contemplated filing other charges against Watts involving allegations of lewd and lascivious conduct in multiple counties. Counsel met with Watts at the Twin Falls County Jail on October 4, 2008, to discuss this development. Over the course of the following week, the parties reached a plea agreement which was reduced to writing. This written agreement was comprised of two parts:

1

(1) a one-page plea agreement to be filed in the criminal case; and (2) a two-page agreement. Both agreements provided that Watts would enter a guilty plea to first degree felony murder and that the parties would stipulate to a unified term of life, with twenty years determinate. Watts waived his right to appeal unless the sentencing court exceeded the stipulated sentence. By the terms of the two-page agreement, the State agreed not to prosecute the lewd and lascivious conduct allegations. The parties further agreed that the two-page agreement would be filed under seal.

Watts and his counsel signed both agreements on October 7, 2008. Prior to signing those documents, Watts was provided police reports on the lewd and lascivious conduct allegations. Watts told his counsel that he would plead guilty to the felony murder charge based upon the stipulated sentence agreement and the State's agreement not to pursue the lewd and lascivious conduct allegations. Watts completed a guilty plea advisory form on October 7, 2008, with the assistance of counsel. A change of plea hearing was conducted on the same day and Watts pled guilty to felony murder. Watts was sentenced, consistent with the plea agreement, to a unified term of life with twenty years determinate. Watts appealed the conviction and sentence; however, the Idaho Supreme Court dismissed the appeal because he had waived his right to appeal.

Watts filed an application for post-conviction relief raising numerous issues. Subsequently, Watts' counsel filed a motion to withdraw all but two related issues regarding entry of his plea. The motion was granted. An evidentiary hearing was conducted on the remaining claims that Watts was coerced into entering his guilty plea, and that his trial counsel provided ineffective assistance of counsel by failing to move to withdraw his guilty plea prior to sentencing. The district court denied the application, holding that the record directly contradicted Watts' coercion claim and that his counsel's conduct was objectively reasonable. Watts timely appealed.

## II.

## DISCUSSION

Watts claims that the district court erred in denying his application for post-conviction relief, arguing that he was coerced into pleading guilty to the murder charges and that counsel provided ineffective assistance by failing to move to withdraw his guilty plea prior to sentencing.

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

## A.    Coercion

Watts claims that he was coerced into pleading guilty when his counsel only gave him a few hours to decide whether to accept the State's plea offer and told him that he could not talk to anyone to discuss the plea agreement. When a guilty plea is entered upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of

competence demanded of attorneys in criminal cases. *Hill v. Lockhart,* 474 U.S. 52, 56 (1985); *Gilpin-Grubb v. State*, 138 Idaho 76, 82, 57 P.3d 787, 793 (2002). Actual prejudice, as required by *Strickland's* second prong, is demonstrated by a showing of a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty. *Id.*

Watts testified that he was pressured into pleading guilty by the actions of his attorney and staff. The district court found Watts' assertions were in direct conflict with the record. In the guilty plea advisory form, Watts indicated "yes" when asked "Have you had sufficient time to discuss your case with your attorney?" and indicated "no" when asked "Do you need any additional time before you enter your guilty plea(s)?" During the change of plea hearing, the district court asked Watts, "Have you had enough time to discuss this matter with your lawyers?" and once again Watts replied "yes." During the change of plea hearing, the following exchange took place between the court and Watts:

> THE COURT: Is there any other source, whether from attorney's pressure, family pressure or otherwise, that you feel is making this a coercive event today?
>
> THE DEFENDANT: No
>
> THE COURT: This is entirely a voluntary choice by you, Mr. Watts?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you feel that you've had enough time, as you've told me, to talk to your lawyers about this decision; is that right?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you also had time to talk to family or friends that you know and trust in making this kind of choice?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And is there anyone in that vein that you'd like to talk to further before proceeding on with this decision today?
>
> THE DEFENDANT: No.

Watts testified that he did not remember filling out the guilty plea advisory form. The district court found this testimony to not be credible because he also admitted on cross-examination that he filled out the form in his own handwriting. Watts also argues that he only had a few hours to decide whether to accept the plea offer. The court also found that the

4

discussions between Watts and his counsel were not as limited as he testified. The court pointed to meetings--between Watts and his counsel--on October 4 and 6 to discuss the lewd and lascivious conduct allegations and the meetings over several months prior to the execution of the plea agreement to demonstrate that Watts had sufficient time to consider his options. The district court found Watts' testimony to not be credible.

Watts further testified at the evidentiary hearing that he lied to the court because counsel said that if Watts "told the truth on questions like that, that it would blow up in [his] face." Once again, the district court did not find Watts to be credible. Watts' testimony implied that counsel deliberately instructed Watts to lie to the court. Counsel adamantly denied making that statement or instructing Watts to do anything other than to tell the truth. The district court found counsel's testimony to be more credible than Watts' testimony and, therefore, found Watts' assertion that he lied to the court not credible.

Credibility is a matter left to the district court. *Larkin*, 115 Idaho at 73, 764 P.2d at 440. The district court determined that Watts' testimony regarding his coercion claim was not credible. On the other hand, Watts' trial counsel's testimony was deemed credible. Allegations for post-conviction relief are insufficient for the granting of relief when they are clearly disproved by the record of the original proceedings. *Workman v. State,* 144 Idaho 518, 523, 164 P.3d 798, 803 (2007). Watts' claim of coercion is directly contradicted by the record, namely the guilty plea advisory form and the plea colloquy. Watts' attempts to explain away his prior statement were found to be not credible. Watts has failed to demonstrate that any factual findings of the district court are clearly erroneous. The district court did not err in denying Watts' claim that he was coerced into pleading guilty.

### B. Withdrawal of Guilty Plea

Watts claims his counsel provided ineffective assistance by failing to move to withdraw his guilty plea before sentencing. Watts' assertions encompass two distinct arguments: (1) Watts specifically directed his attorneys to file a motion to withdraw his plea and, in the alternative; (2) counsel should have concluded from Watts' statements to him that Watts wanted to withdraw his plea and counsel should have acted on this suggestion.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is

limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to ensure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).

1.      **Watts' claim that he specifically told his attorney to file a motion to withdraw his plea**

Watts claims that he specifically instructed his counsel to file a motion to withdraw his guilty plea. In support of this contention, Watts offered the testimony of his girlfriend. She testified that they talked numerous times between the entry of the plea and sentencing and that Watts communicated his desire to her to withdraw his plea. However, the district court found that there was no credible evidence in the record that Watts' girlfriend ever communicated this desire to Watts' counsel or their staff. Watts also testified that he "wanted" to withdraw his guilty plea. On the other hand, one of his attorneys testified that he met with Watts many times between the plea and sentencing and not once did Watts voice a desire to change his plea. Numerous recorded conversations between Watts and his counsel were admitted into evidence and the district court found that in none of them did he specifically ask to have his plea withdrawn. The district court also took note of a letter Watts wrote to the prosecutor and a recorded conversation between Watts and his aunt, neither of which mentioned a desire to withdraw his plea. Finally, another of Watts' attorneys testified that Watts never directed him to file a motion to withdraw his guilty plea and that he would not have disregarded such a request. Watts testified that he told this attorney that he "wanted" to withdraw his plea, to which the attorney responded that there was "no way you could do it." The district court found that the attorney's statement was an expression of opinion that the motion would be unsuccessful and that Watts would lose the benefit of the plea bargain. The district court concluded that Watts did

6

not instruct counsel to file a motion to withdraw his plea and any interpretation of Watts' testimony to the contrary was not credible.

Again, this Court defers to the district court's credibility determinations. In addition, the reasonable inferences from and the weight to be given to the evidence is the sole province of the trial court. *Larkin*, 115 Idaho at 73, 764 P.2d at 440. Watts has failed to demonstrate that the district court's factual findings are clearly erroneous. Watts did have discussions with his counsel about withdrawing his plea, but nowhere does the record reflect that Watts actually told his counsel to file such a motion. Watts challenges only the district court's factual determination and not the application of the law based thereon. Consequently, the district court did not err in denying Watts' claim that counsel provided ineffective assistance in failing to file a motion to withdraw guilty plea after being requested to do so.

2. **Watts' claim that his attorney should have filed a motion to withdraw his plea**

Watts alternatively asserts that his conversations with his attorneys and their staff placed them on notice of his desire to withdraw his plea and, therefore, they should have known to file a motion prior to sentencing. Neither party cited any case law to the district court or this Court which specifically addressed a claim of ineffective assistance of counsel by failing to file a motion to withdraw a guilty plea when the record does not establish that the defendant requested that counsel file the motion. We seriously doubt whether counsel could be held to have performed below an objective standard of reasonableness by failing to file a motion to withdraw a guilty plea voluntarily entered into by a defendant. This aspect of Watts' claim appears more properly analyzed as a failure to properly advise.[1]

---

[1]    The district court analogized Watts' argument to a claim of ineffective assistance of counsel in failing to file an appeal. In that context, there can be ineffective assistance of counsel when an attorney directly disregards a client's instructions to file an appeal and, in certain circumstances, even where a defendant has not specifically directed an attorney to file an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000); *Pecone v. State*, 135 Idaho 865, 868, 26 P.3d 48, 51 (Ct. App. 2001). However, while the obligation to properly consult and advise and the question of resulting prejudice are common to the analysis in both contexts, we do not find it necessary to analogize to the failure to file an appeal claim. In addition, the substantive and procedural bases for determining ineffective assistance of counsel in failing to file an appeal differ from a claim of ineffective assistance in failing to file a motion to withdraw a plea without request from the defendant.

The record is undisputed that counsel consulted with Watts about withdrawing his plea. Counsel discussed the plea in the weeks prior to sentencing as evidenced by the recorded jail conversation. Even Watts acknowledges that he was consulted on this subject prior to his sentencing. The district court found that counsel consulted with Watts concerning the advantages and disadvantages of filing a motion to withdraw his plea and that Watts did not instruct counsel to withdraw his plea because he himself concluded that it was not in his best interest to do so. The district court's findings of fact are supported by the record and are not clearly erroneous.

An attorney cannot sua sponte determine to file a motion to withdraw a client's guilty plea. That decision must be made by the client. An attorney's obligation in this regard is limited to consulting with the client and giving him or her proper advice regarding the process. Watts was advised that if he was successful in withdrawing his plea, the State would not be bound to its sentencing recommendation or its commitment not to file the lewd conduct charges. The district court noted from the evidence that Watts had a great fear of going to the penitentiary labeled as a sex offender, which is why that portion of the plea agreement was sealed. Watts was consulted about withdrawing his guilty plea and has not asserted that such advice was improper. The district court held that counsel's performance regarding this matter did not fall below an objective standard of reasonableness and we agree.

## III.

## CONCLUSION

Watts has failed to demonstrate that his counsel coerced him into agreeing to a guilty plea. He has also failed to demonstrate that his counsel provided ineffective assistance in failing to move to withdraw his guilty plea. The district court's decision denying Watts' application for post-conviction relief is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**