# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3626

_____

United States of America,                   *
                                            *
                Appellant,                   *
                                            *   Appeal from the United States
        v.                                   *   District Court for the
                                            *   District of Minnesota.
Dorman Dwayne Walker,                        *
                                            *
                Appellee.                    *

_____

Submitted:  June 12, 2001

Filed:  July 6, 2001

_____

Before BOWMAN and HEANEY, Circuit Judges, and KOPF[1], District Judge.

_____

HEANEY, Circuit Judge.

Dorman Dwayne Walker appeals from his conviction in the district court, entered after a jury trial, for escape from custody, in violation of 18 U.S.C. § 751(a). The sole question presented on appeal is whether the government's failure to inform Walker in a notice of federal detainer form of his right to request a speedy trial

_____

[1]The Honorable Richard G. Kopf, United States District Judge, for the District of Nebraska, sitting by designation.

warrants a dismissal of the underlying charge. The district court[2] answered that question in the negative, and we affirm.

I. BACKGROUND

In March 1998, Walker walked away from a Minneapolis halfway house where he was completing a federal sentence for escape. In June 1998, Walker was arrested by the U.S. Customs Service while attempting to enter California from Mexico with some 40 pounds of marijuana. Walker pleaded guilty to drug charges in California state court and was sentenced to three years imprisonment. Meanwhile, Walker was indicted on federal escape charges. On June 10, 1998, after his arrest in California, the government served Walker with the detainer notice relating to his Minneapolis escape. The detainer notice contained language generally instructing the official who has custody of the inmate that the notice requirements of the Speedy Trial Act (STA) may apply. In particular, the notice included the following instruction:

> If there is an "X" mark in the following space, the notice requirements of the [STA] apply and you are requested to give a copy of the Detainer to the prisoner and to complete the attached Form USM-17, NOTIFICATION REQUIREMENTS-SPEEDY TRIAL ACT, in duplicate, and return both copies of the Form USM-17[3] to this office with receipted copies 2 and 3 of this Detainer.

(Appellee's Br. at A-7.) Because Walker was not yet serving the California sentence, the box following this sentence was properly left unchecked.

---

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

[3]The USM-17 form apparently permits the prisoner to request a speedy trial by merely signing the form and checking a box. See United States v. Zfaty, 44 F. Supp.2d 588, 591 (S.D.N.Y. 1999).

On July 15, 1998, after Walker was sentenced on the California charges, the government served him with a superseding federal detainer informing him of the pending escape charge in Minnesota. Because Walker had, at that point, begun to serve his California sentence, the box intended to trigger notice to Walker of his speedy trial rights should have been checked, but was not.

In May 1999, Walker filed a pro se motion to dismiss the detainer in federal court in California. The motion was treated as a 28 U.S.C. § 2241 habeas petition and denied on the ground that the proper forum for Walker's petition was the underlying Minnesota criminal prosecution.

Walker was transported to Minnesota in July 1999, and filed a motion to dismiss the indictment with prejudice based on a violation of the STA and the Interstate Agreement on Detainers (IAD). The magistrate recommended that Walker's motion be denied, as neither the STA nor the IAD authorized dismissal of an indictment as a sanction for the violation. The district court adopted the magistrate's recommendation and denied Walker's motion for dismissal. Walker was convicted after a jury trial and sentenced to 38 months imprisonment. Walker appeals, raising only the STA/IAD issue.

II. DISCUSSION

Under the STA, if a federal prosecutor knows that a person charged with a crime is currently incarcerated, that prosecutor must either (1) obtain the prisoner's presence for trial or (2) file a detainer with the person who has custody of the prisoner and request that the prisoner receive notice of the detainer and his right to demand a trial. 18 U.S.C. § 3161(j)(1). The STA also requires that the person who has custody of the prisoner

3

promptly advise the prisoner of the charge and of the prisoner's right to demand trial. If at any time thereafter the prisoner informs the person having custody that he does demand trial, such person shall cause notice to that effect to be sent promptly to the attorney for the Government who caused the detainer to be filed.

18 U.S.C. § 3161(j)(2).

The IAD also requires that notice of speedy trial rights be given to prisoners subject to a detainer from another jurisdiction:

The warden, commissioner of corrections, or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based.

18 U.S.C. App. § 2, Art. III(c).

Although it is an issue of first impression in this circuit, other courts have concluded that dismissal of an indictment is not an appropriate remedy for violations of § 3161(j)(1). See United States v. Guzman, 85 F.3d 823, 829 n.4 (1st Cir. 1996) ("[T]he law is pellucid that the dismissal of an indictment is not a suitable remedy for a violation of 18 U.S.C. § 3161(j)."); United States v. Dawn, 900 F.2d 1132, 1135-36 (7th Cir. 1990); United States v. Anderton, 752 F.2d 1005, 1008 (5th Cir. 1985); see also United States v. Stoner, 799 F.2d 1253, 1257 (9th Cir. 1986) (dismissal not appropriate remedy for violation of § 3161(j)(3)). We agree. Although the STA explicitly authorizes dismissal as a sanction for other violations, see § 3162(a)(1) (failure to file timely indictment or information), § 3162(a)(2) (failure to bring defendant to trial within statutory period, as extended by § 3161(h)), it does not authorize dismissal as a sanction for § 3161(j)(1) violations.

4

Similarly, dismissal is specified as a remedy for certain IAD violations, but the speedy-trial notice provision is not among them, and two circuits have declined to expand the list of situations in which dismissal is warranted. See United States v. Pena-Corea, 165 F.3d 819, 821-22 (11th Cir. 1999); Lara v. Johnson, 141 F.3d 239, 243 (5th Cir. 1998), opinion modified on other grounds, 149 F.3d 1226 (5th Cir. 1998). Walker, however, points to United States v. Reed, 910 F.2d 621 (9th Cir. 1990) and United States v. Zfaty, 44 F. Supp.2d 588 (S.D.N.Y. 1999) as authority for the dismissal of his escape charge based on the IAD violation.

In Reed, a prisoner received imperfect notice of a federal escape detainer and his right to request a speedy trial of that charge. The prisoner then made an imperfect request for a speedy trial, which the government failed to honor. The district court denied the inmate's motion to dismiss the indictment for failure to comply with the IAD, but the Ninth Circuit reversed. The court concluded that dismissal is an appropriate remedy "when the government has failed to fulfill its obligations under the [IAD], yet the prisoner has clearly attempted to get a speedy trial." 910 F.2d at 625 . In Zfaty, a state prisoner who failed to receive notice of his right to demand a speedy trial nevertheless made written request to be "arraigned . . . as soon an possible." 44 F. Supp.2d at 589 (internal quotation omitted). The government failed to bring the inmate to trial for more than a year after the request, and the district court, citing Reed, dismissed the indictment with prejudice. Id. at 592.

We disagree that Reed and Zfaty support dismissal as a remedy in Walker's case. We read them to stand for the proposition that where the government has failed to comply with IAD notice requirements, it is bound to comply with an inmate's IAD request for speedy trial even if that request fails to comply with the IAD's technical requirements. As such, the imposition of dismissal as a remedy falls squarely within IAD Article V(c), which expressly authorizes dismissal for failure to timely honor a prisoner's request for final disposition.

5

We also reject Walker's remaining arguments for reversal. We are unconvinced that despite the IAD's silence on the matter, the more stringent procedural requirements imposed by the IAD compel a judicially-created dismissal remedy for the government's omission in this instance. Moreover, we find it difficult to accept Walker's assertions of prejudice as a result of the government's failure, as the record indicates that after the district court rejected his motion to dismiss the escape charge, he sought a continuance of the trial date on three occasions.

We conclude the district court did not err in refusing to dismiss the indictment against Walker, and we leave for another day the question of whether and under what circumstances such a remedy may be justified.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6