**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeffrey Sale LUALEMAGA, aka Jeffrey**
**Sale, Defendant–Appellant.**

**No. 01–10007.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Filed Feb. 19, 2002.

---

**5.** *Caro,* 165 F.3d at 1226.

Richard T. Pafundi, Honolulu, HI, for the defendant-appellant.

Chris A. Thomas, Assistant United States Attorney, Honolulu, HI, for the plaintiff-appellee.

Before: THOMPSON, O'SCANNLAIN, and BERZON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge.

The State of Hawaii violated the Interstate Agreement on Detainers Act (IAD), 18 U.S.C.App. 2, by failing to inform Jeffrey Sale Lualemaga of his right to request a final disposition of his federal indictment within 180 days of the United States lodging a detainer against him in state prison. That violation resulted in part from the federal detainer, which erroneously identified Lualemaga as an unsentenced prisoner not protected by the IAD. In reality, Hawaii had sentenced Lualemaga six weeks earlier and, therefore, the

United States erred in telling Hawaii that Lualemaga was not protected by the IAD.

More than 180 days after the violation, Lualemaga filed a motion to dismiss the indictment under the IAD, which the district court denied. After pleading guilty to the federal indictment, he filed a motion for credit for time served in state custody, which the court also denied. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. We conclude the State of Hawaii and the United States violated a significant provision of the IAD, but that the violation cannot support the dismissal of the federal indictment. The plain language of the IAD provides the remedy of dismissal only for certain violations of the IAD; the violation of Lualemaga's right to notice under the IAD is not such a violation. Accordingly, we affirm the district court's denial of Lualemaga's motion to dismiss. We also conclude the district court lacked jurisdiction to hear the motion for credit for time served.

I

In November 1988, the State of Hawaii incarcerated, but did not sentence, Lualemaga on charges not related to this case. While he was in state custody, a federal grand jury indicted him for knowingly and intentionally possessing cocaine base with intent to distribute. *See* 21 U.S.C. §§ 841(a)(1), 860(a)(2).

On March 22, 1999, the U.S. Attorney, acting through the U.S. Marshal's service, lodged a federal detainer against Lualemaga with the Hawaii state prison where he was incarcerated. The detainer, entitled "Detainer Against Unsentenced Prisoner," read in part:

> The notice and speedy trial requirements of the Interstate Agreement on Detainers Act do **NOT** apply to this detainer because the subject is not currently serving a sentence of imprisonment at the time the Detainer is lodged. **IF THE SUBJECT IS SENTENCED WHILE THE DETAINER IS IN EFFECT, PLEASE NOTIFY THIS OFFICE AT** ONCE.

(bold and capital letters in original). The detainer's statement that the IAD does not apply to unsentenced prisoners is correct. *See United States v. Reed,* 620 F.2d 709, 711 (9th Cir.1980). However, the detainer was in error because Hawaii had sentenced Lualemaga on February 8, 1999, six weeks before the U.S. Attorney lodged the detainer.

The state warden informed Lualemaga of the federal detainer a few days after it was lodged. Consistent with the federal detainer's erroneous statements, the state warden did not inform Lualemaga of his right under the IAD to request a final disposition of the federal charges against him.

More than 180 days later, after learning of his IAD rights, Lualemaga, acting pro se, filed a "Motion to Dismiss Detainer for Want of Prosecution." This motion included exhibit copies of the state order sentencing Lualemaga and of the federal detainer. Counsel was appointed to represent Lualemaga and the district court heard argument. At the hearing, the court and the parties failed to address the actual substance of the detainer, despite its inclusion in Lualemaga's motion to dismiss. They apparently assumed that Hawaii alone was responsible for the violation of Lualemaga's IAD rights. The district court denied Lualemaga's motion and Lualemaga pled guilty to the indictment.

Before sentencing, Lualemaga objected to his pre-sentence report on the ground that it failed to credit him for time served in state prison that could have been served concurrent with his federal sentence had

Lualemaga been informed of his IAD rights. The district court denied the motion, holding that it lacked jurisdiction to hear it.

## II

Lualemaga contends the district court should have dismissed the indictment because of the failure to comply with the IAD's notice requirement. We disagree.

■ The IAD is an interstate compact entered into by 48 States, the United States, and the District of Colombia.[1] It creates uniform procedures for lodging and executing a detainer by one State against a prisoner held in another. *Alabama v. Bozeman*, 533 U.S. 146, 121 S.Ct. 2079, 2082, 150 L.Ed.2d 188 (2001). Its members include the State of Hawaii. *See* HAW. REV. STAT. § 834–1 (2001). Because the IAD is treated as federal law subject to federal construction, *see Bozeman*, 121 S.Ct. at 2082, we review de novo the district court's refusal to dismiss the indictment based upon its interpretation of the IAD. *See United States v. Fitzgerald*, 147 F.3d 1101, 1102 (9th Cir.1998).

■ The notice requirements of the IAD play an integral role in the operation of the Act. If a State (the "receiving State") lodges a detainer against a prisoner held in another State (the "sending State"), the sending State must notify the prisoner of the detainer and of his or her rights under the IAD. This notice requirement reads:

> The [sending State's] warden, commissioner of corrections, or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his

right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based.

18 U.S.C.App. 2, § 2, Art. III(c). If a prisoner decides to exercise his or her right to request a final disposition, that request must be sent to, and received by, the receiving State's prosecutor and judge. *See id.* Art. III(b); *Fex v. Michigan*, 507 U.S. 43, 52, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993). Once the request is received, unless the matter is resolved without a trial or a statutory exception applies, trial must begin within 180 days. *See* 18 U.S.C.App. 2, § 2, Art. III(a). If more than 180 days pass, "the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice...." *Id.* Art. V(c). Where, as here, the receiving State is the federal government, the dismissal may be without prejudice. *Id.* § 9.

■ In the present case, one of the IAD's notice requirements was indisputably violated. The plain language requires that a prisoner be told "of his right to make a request for final disposition of the indictment." *Id.* § 2, Art. III(c). Lualemaga was informed of the detainer, but not of his right to request a final disposition. However, just because a violation of the IAD occurred does not mean that dismissal is the remedy.

■ The plain language of the IAD expressly mandates dismissal of an indictment in only three circumstances: (1) If a prisoner, having been transferred to the receiving State, is returned to the sending State prior to the completion of trial, *see id.* Art. IV(e); *see also Bozeman*, 121

---

1. All members of the IAD, including the United States, are defined as "States." *See* 18 U.S.C.App. 2, § 2, Art. II(a).

S.Ct. at 2084–85; (2) If the receiving State fails to accept temporary custody of the prisoner after filing a detainer, *see* 18 U.S.C.App. 2, § 2, Art. V(c); and (3) If a prisoner is not brought to trial within the time periods proscribed by Articles III and IV, which respectively require trial within 180 days of a State receiving a prisoner's IAD request or within 120 days of a prisoner being transferred to a receiving State, when an officer of the receiving State requested that transfer. *See id.* Art. III(a), IV(c), V(c). The IAD does not state what remedy, if any, is available if the prisoner is not informed of his right to demand a trial.

This suggests dismissal is not an appropriate sanction for such a violation. Although we have not previously examined the question, other circuits have reached the conclusion that the enumerated list of circumstances requiring dismissal is exclusive. *See United States v. Pena–Corea,* 165 F.3d 819, 821–22 (11th Cir.1999) (per curiam) (holding that the remedy of dismissal in IAD cases is limited to specifically stated circumstances); *Lara v. Johnson,* 141 F.3d 239, 243 (5th Cir.) (same), *opinion modified on other grounds,* 149 F.3d 1226 (5th Cir.1998).

If the IAD violation in this case were solely attributable to the sending State, Hawaii, then application of this reasoning would be fairly straightforward. A violation of the notice requirement by the sending State is not a circumstance in which the IAD calls for dismissal of an indictment. Further, if Hawaii were solely responsible, then it would not be fair to penalize the receiving State, the United States, for Hawaii's negligence. *See Pena–Corea,* 165 F.3d at 821–22 (holding that the United States should not be responsible for a sending State's negligent violation of the IAD notice requirement); *see also Fex,* 507 U.S. at 50–51, 113 S.Ct.

1085 (construing the IAD to avoid holding a receiving State responsible for a sending State's negligence).

■ We must, however, consider whether the conduct of the United States in this case, which contributed to the violation, could alter the analysis. We have never addressed this issue under the IAD, but our equivalent precedent under the Speedy Trial Act (STA), 18 U.S.C. §§ 3161–3174, provides substantial guidance. Like the IAD, the STA contains a notice provision that requires federal officials to ensure that prisoners are informed of their right to a speedy trial. *See id.* § 3161(j)(1). In *United States v. Valentine,* 783 F.2d 1413 (9th Cir.1986), a federal prisoner alleged that federal prosecutors failed in their duty to implement the STA notice provision. The prisoner sought to have his indictment dismissed as a sanction for this violation. *Id.* at 1415. We held that even if § 3161(j)(1) was violated, the STA required dismissal only in certain specified circumstances, and a violation of § 3161(j)(1), the STA notice provision, was not such a circumstance. *Id.* at 1415–16; *see also United States v. Stoner,* 799 F.2d 1253, 1257 (9th Cir.1986) (reaching the same conclusion as to a different STA provision).

An Eighth Circuit case similar to the present case is *United States v. Walker,* 255 F.3d 540 (8th Cir.2001). There, the federal government misidentified a prisoner as unsentenced and not subject to the IAD and, as a result, the prisoner was not informed of his IAD rights. *Id.* at 541. The Eighth Circuit rejected the prisoner's motion to dismiss the federal indictment, principally relying upon the limited circumstances in which the IAD's plain language mandates a dismissal and analogizing to *Pena–Corea* and *Lara. See Walker,* 255 F.3d at 542.

*Valentine* and *Walker* strongly support the conclusion that Lualemaga's indictment should not be dismissed for violation of the IAD's notice requirement, even if the United States is responsible. Nor could it be argued successfully that dismissal of this case is warranted under our holding in *United States v. Johnson,* 196 F.3d 1000 (9th Cir.1999). There, a prisoner utilized a form developed by the U.S. Marshal's service to request a final disposition under the IAD. Although the State prison officials transmitted that form request to the U.S. Marshal, the request never reached the U.S. Attorney and over 180 days passed. We held that dismissal of the prisoner's indictment was warranted under the IAD. *Id.* at 1001.

It is true that in both *Johnson* and the present case the procedures of the U.S. Attorney's office, acting through the U.S. Marshal, failed and, as a result, the IAD was violated. However, while equitable considerations did inform our analysis in *Johnson,* we rested our decision upon an interpretation of the IAD consistent with its plain language. *Id.* at 1001, 1003 n. 5, 1005. We held that receipt by the U.S. Marshal of the prisoner's request was sufficient to satisfy the IAD's Article III requirement of receipt by the receiving State's prosecutor because the U.S. Attorney's office chose to use the U.S. Marshal's service to process the request. *Id.* at 1003. The prisoner, therefore, had made his request in the manner and within the time prescribed by the Act. Here, Lualemaga made no such timely request; thus, *Johnson* is inapposite.

■ While *Johnson* does not inform our decision, *Valentine* and *Walker* do. Consistent with those cases, we hold that dismissal of an indictment is not an available form of relief where the notice requirement of the IAD is violated, even when that violation is attributable to the receiving State, here the United States.

### III

■ Lualemaga contends that the district court erred in denying his motion for credit for time served in state custody prior to his federal arraignment. He argues that but for the violation of the IAD, which resulted in a substantial delay in his federal arraignment, he would have been able to serve a greater portion of his federal sentence concurrent with his state sentence. The district court refused to entertain Lualemaga's motion, concluding that it had no jurisdiction to calculate the credit Lualemaga sought for time served. We agree.

Calculation of time served in a federal sentence is governed by 18 U.S.C. § 3585(b). "Whether the district court has the legal authority under section 3585(b) to grant prison credit is a question of statutory construction to be reviewed de novo." *United States v. Checchini,* 967 F.2d 348, 349 (1992).

In *United States v. Wilson,* 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), the Supreme Court held that a district court lacks the authority to calculate credit for time served in the first instance. The initial calculation must be made by the Attorney General acting through the Bureau of Prisons. *Id.* at 335, 112 S.Ct. 1351. Lualemaga suggests nothing that would remove this case from the Court's controlling holding in *Wilson.*

AFFIRMED