**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Emil Joseph LONG NECK,
Defendant–Appellant.**

No. 03–30403.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2004.

Decided Aug. 12, 2004.

Joseph E. Thaggard, Esq., Office of the U.S. Attorney, Great Falls, MT, Joshua A. Van de Wetering, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., Federal Defenders of Montana, Helena, MT, for Defendant–Appellant.

Before: PREGERSON, FERGUSON, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Emil Joseph Long Neck ("Long Neck") appeals the District Court's decision not to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

dismiss Count I of his indictment, attempted kidnapping in violation of 18 U.S.C. §§ 1201 and 1153. Long Neck contends that attempted kidnapping is not covered by the relevant statutes and that the District Court was therefore without jurisdiction over Count I. Long Neck also appeals the District Court's lesser included offense jury instruction as being in violation of *United States v. Jackson*, 726 F.2d 1466 (9th Cir.1984).

We have jurisdiction under 28 U.S.C. § 1291. Because the parties are familiar with the facts and procedural history, they are not recited here except as necessary to explain our analysis. For the reasons set forth below, we affirm Long Neck's conviction.

### A. The Attempted Kidnapping Charge

■ A district court's refusal to dismiss an indictment based on its interpretation of a federal statute is reviewed de novo. *United States v. Lualemaga*, 280 F.3d 1260, 1263 (9th Cir.2002). 18 U.S.C. § 1153 grants federal courts jurisdiction over enumerated major crimes committed on Indian reservations. Long Neck cites *United States v. Hopkins*, 703 F.2d 1102, 1104 (9th Cir.1983), for the proposition that, because there is no general federal attempt statute, a defendant "can only be found guilty of an attempt to commit a federal offense if the statute defining the offense also expressly proscribes an attempt." Section 1153, he notes, does not mention attempted kidnapping.

However, § 1153 itself only lists the offenses; definitions and punishments must be found in other federal statutes. *See, e.g., United States v. Maloney*, 607 F.2d 222 (9th Cir.1979) (looking to 18 U.S.C. § 661 for the elements of larceny when the Major Crimes Act included "larceny" in the list of offenses). The federal kidnapping statute is 18 U.S.C. § 1201; subsection (a) of the statute describes the elements of and punishment for kidnapping. Subsection (d) of the statute provides that "[w]hoever attempts to violate subsection (a) shall be punished by imprisonment for not more than twenty years." Attempted kidnapping is thus provided for in the relevant federal statute.

Long Neck also contends that Congress's inclusion of "a felony under Chapter 109A" in the § 1153 list of crimes demonstrates that Congress sometimes does incorporate both the substantive and inchoate offenses, but did not do so for kidnapping. Chapter 109A covers the topic "Sexual Abuse" and contains eight sections, five of which identify particular offenses. However, using the language "a felony under chapter 109A" was not the mechanism by which Congress included attempted sexual abuse; attempt is covered within each of the five substantive sections. Thus, attempted sexual abuse is found in the same place that attempted kidnapping is found: within the federal statute defining the offense.

### B. Compliance with *Jackson*

When a court gives a lesser included offense instruction, two forms are possible. *Jackson*, 726 F.2d at 1469. The court may instruct the jury that it should unanimously acquit the defendant of the greater charge before it considers the lesser charge, or the court may instruct the jury to consider the lesser charge if it is unable to arrive at a verdict on the greater charge. *Id. Jackson* gives trial courts discretion to choose between the two formulations unless the defendant expresses a choice; in that case, the court must defer to the defendant's selection. *Id.*

of this circuit except as provided by Ninth Circuit Rule 36–3.

Long Neck's proposed instruction may be taken for a request that the District Court use the "unable to arrive at a verdict" formulation described in *Jackson.* The question before us is whether the instructions used by the District Court did in fact follow the "unable to arrive at a verdict" formulation described in *Jackson,* a question of law to be reviewed de novo. We hold that the instruction given was of the "unable to reach a verdict" type, rather that the "unanimously acquit" type. The instruction told the jury that if any members were not convinced beyond a reasonable doubt that Long Neck was guilty of the greater offense (*i.e.,* unable to reach a guilty verdict), they might convict him of the lesser offense (if all were convinced beyond a reasonable doubt). The District Court's instruction thus complied with the requirements of *Jackson.*

Long Neck also takes issue with the clarity of the District Court's wording, calling it "cryptic" and difficult for "an untrained legal mind" to interpret. This is the sort of "formulation" question that is reviewed for abuse of discretion. *United States v. Stapleton,* 293 F.3d 1111, 1114 (9th Cir.2002).

We do not agree that the District Court's formulation was difficult for the average juror to comprehend. Moreover, Long Neck's proposed formulation was no clearer than the District Court's. The advantage to Long Neck's proposed jury instruction was that it repeated its message three times, and thus might have led to greater aural comprehension by jurors, but it is not an abuse of discretion for the District Court to present a message to the jury only once.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

We affirm Long Neck's conviction on the basis that the District Court did not err in refusing to dismiss the attempted kidnapping charge and did comply with the requirements of *Jackson.*

AFFIRMED.