# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Adams*, 2012 IL App (5th) 100088

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEVIN M. ADAMS, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-10-0088 |
| Filed | May 7, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court rejected defendant's contention that his pretrial motion to dismiss the informations filed in Saline County, Illinois, should have been granted on the ground that he was deprived of his right to due process when prison officials in Kentucky, where he was imprisoned, did not notify him of his right to request a final disposition of charges underlying the detainer issued in Saline County as required by the interstate agreement on detainers, since defendant did not request a final disposition after being apprised of his right to do so, any violation of the agreement was attributable to Kentucky prison officials, the violation did not prejudice his defense or his ability to have a fair trial, and defendant did not establish that his counsel in Kentucky was ineffective in failing to advise him of his right to request a final disposition. |
| Decision Under Review | Appeal from the Circuit Court of Saline County, No. 05-CF-331; the Hon. Walden E. Morris, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal     Michael J. Pelletier, Johannah B. Weber, and Michelle A. Zalisko, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael Henshaw, State's Attorney, of Harrisburg (Eva Walker, Assistant State's Attorney, and Patrick Delfino, Stephen E. Norris, and Neha Shama, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel     PRESIDING JUSTICE DONOVAN delivered the judgment of the court, with opinion.

Justices Welch and Goldenhersh concurred in the judgment and opinion.

## OPINION

¶ 1     Following a bench trial in the circuit court of Saline County, the defendant, Devin M. Adams, was convicted of four counts of predatory criminal sexual assault of a child. The defendant was sentenced to four concurrent terms of natural life in prison. On appeal, the defendant contends that the circuit court should have granted his pretrial motion to dismiss the criminal informations filed in Saline County, Illinois, because he was deprived of his right to due process when prison officials in Kentucky, the state where he was imprisoned, failed to notify him that he had a right to request a final disposition of charges underlying a detainer issued by the State's Attorney in Saline County, Illinois, as required in article III(c) of the interstate agreement on detainers (Agreement) (730 ILCS 5/3-8-9, art. III(c) (West 2008)). We affirm.

¶ 2     On November 4, 2005, the State's Attorney in Saline County, Illinois, filed eight separate informations, each charging the defendant with one count of criminal sexual assault of a child, a Class X felony. The charges were brought after the defendant's girlfriend reported that she found evidence that the defendant had engaged in sexual activity with her daughter, T.A., and their daughter, M.A. Both girls were under 13 years of age at the time of the assaults. An arrest warrant was issued, but it was not immediately served.

¶ 3     The defendant was eventually located in October 2007, in a county jail in Kentucky. He was awaiting a transfer to Roederer Correctional Assessment Center (Roederer), where he would be classified and assigned to a state prison facility. The defendant had entered a plea of guilty to second-degree sodomy in Union circuit court, Kentucky, in July 2007, and he had been sentenced to 10 years in prison. The defendant arrived at Roederer on January 15, 2008. On January 23, 2008, the Saline County State's Attorney lodged a detainer against the defendant with the prison officials at Roederer. On January 28, 2008, the defendant signed a receipt indicating that he had been given a copy of the detainer. His caseworker witnessed

the defendant's signature.

¶ 4    An extradition hearing was held in the circuit court of Oldham County, Kentucky, on June 9, 2008. The defendant appeared with his Kentucky public defender. He elected to waive extradition.

¶ 5    The defendant arrived in Illinois on July 22, 2008. He made his first appearance in the circuit court of Saline County on July 25, 2008. Discovery ensued. Trial dates were set and then continued without objection by the defendant and sometimes at his request. On March 27, 2009, the defendant filed a motion to dismiss the Illinois charges. The defendant claimed that he was deprived of due process because Kentucky prison officials never advised him that under article III of the Agreement, he had a right to request a final disposition of the Illinois charges. On August 18, 2009, the trial court in Saline County held an evidentiary hearing on the defendant's motion to dismiss.

¶ 6    Tandy Wells, an offender information supervisor employed at Roederer, was called as a State witness. Wells testified that at the time of the defendant's confinement, Roederer had a policy which required the officials to provide an interstate detainer information packet to all inmates who were served with interstate detainers. Under the policy, the inmate is given the information packet when he signs the receipt for his detainer. Wells said that the policy has been in place at Roederer for 18 years. Wells testified that the interstate detainer information packet contains a memorandum and printed forms. She produced and identified a sample information packet, which was admitted into evidence. The memorandum informs the inmate that there are forms enclosed and that the inmate should read and sign form I and form II if he agrees to be brought to trial on the untried, out-of-state charges. The memorandum invites the inmate to contact legal aid at his institution to help him fill out the forms. Form I is entitled "Notice of Untried Indictment, Information, or Complaint and Right to Request Disposition." It advises the inmate that he has untried charges pending against him in another jurisdiction and that he has the right to request a final disposition of the charges. Form I-A provides supplemental information as to rights and procedures under the Agreement. Form II is the "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints." Wells testified that she reviewed all of the defendant's records and that she did not find any record to indicate that the defendant completed and submitted forms requesting a final disposition of the Illinois charges.

¶ 7    The defendant testified during the hearing. The defendant acknowledged that he had signed a certificate stating that he received a copy of the Illinois detainer. The defendant's testimony regarding whether and when he received information regarding his right to request a final disposition of the Illinois charges is a bit murky. The defendant testified that he was not provided a copy of the information packet or forms I, I-A, and II while at Roederer. The defendant stated that he went over the documents with his Kentucky public defender during the week prior to his June 9, 2008, extradition hearing and that he was housed at the Luther Luckett Correctional Complex at that time. The defendant then stated that the form he reviewed with his public defender was not one of those included in the interstate detainer information packet. The defendant also stated that his Kentucky public defender never advised him that he had a right to request a final disposition of the Illinois charges.

¶ 8    In a docket order entered on September 30, 2009, the trial court found that on January 28, 2008, the defendant was given a copy of the Illinois detainer and signed an acknowledgment of receipt of the detainer, that the defendant was not notified of his right to request a final disposition of the Illinois charges until he met with his Kentucky public defender on or before June 9, 2008, that a period of 133 days had passed between January 15, 2008, and June 9, 2008, and that the defendant did not request a final disposition after being advised of his right to do so. The court denied the defendant's motion to dismiss the charges. Following a bench trial, the defendant was convicted of four counts of predatory criminal sexual assault of a child, and he was sentenced to four terms of natural life to run concurrent to one another and consecutive to the prison term in Kentucky.

¶ 9    On appeal, the defendant contends that the circuit court in Saline County should have granted his motion to dismiss the Illinois charges because he was denied due process when Kentucky prison officials failed to advise him that pursuant to article III(c) of the Agreement, he had a right to request a final disposition of the untried Illinois charges. He argues that his desire for a final disposition was evidenced by his decision to waive extradition.

¶ 10    The interstate agreement on detainers (Agreement) (730 ILCS 5/3-8-9 (West 2008)) was enacted in Illinois in 1971. Its purposes are to encourage the expeditious and orderly disposition of detainers based on untried charges against a prisoner and to facilitate treatment and rehabilitation in the state where the prisoner is incarcerated. *People v. Daily*, 46 Ill. App. 3d 195, 198, 360 N.E.2d 1131, 1134 (1977). The Agreement is a uniform compact that has been adopted by the United States and by 48 states, including Illinois, and as such, it is to be interpreted as federal law. *Cuyler v. Adams*, 449 U.S. 433, 435 n.1 (1981); *People v. Howell*, 119 Ill. App. 3d 1, 10, 456 N.E.2d 236, 243 (1983).

¶ 11    The question is whether the defendant is entitled to have the Illinois charges dismissed because of the failure of Kentucky prison officials to notify him of his right to request a final disposition of the charges underlying the Illinois detainer. As noted by the parties, there are no Illinois cases that consider the appropriate remedy when a prisoner is deprived of due process because he was not informed by prison officials, or by an alternate source, that he had a right to request a final disposition of the charges underlying an interstate detainer. Therefore, we consider the plain language of the statute and precedents and interpretations under federal law. *Cuyler*, 449 U.S. at 435 n.1; *Howell*, 119 Ill. App. 3d at 10, 456 N.E.2d at 243.

¶ 12    Section (a) of article III of the Agreement provides in pertinent part:

"(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for a good cause shown in open court, the prisoner or his counsel being present, the court

having jurisdiction of the matter may grant any necessary or reasonable continuance." 730 ILCS 5/3-8-9, art. III(a) (West 2008).

¶ 13    Section (b) of article III states that the written notice and request for a final disposition of the charges on which the detainer is based shall be sent by the prisoner to the prison officials who have custody of him and that the prison officials shall promptly forward the request to the appropriate prosecutor and the court. 730 ILCS 5/3-8-9, art. III(b) (West 2008). Section (c) of article III states that the prison officials who have custody of the prisoner bear the burden of informing him of the source and contents of any detainer lodged against him and of his rights to make a request for final disposition of the charges on which the detainer is based. 730 ILCS 5/3-8-9, art. III(c) (West 2008).

¶ 14    There are three circumstances in which a dismissal of charges is expressly mandated as a remedy for a violation of the Agreement. Article IV(e) states that if a trial is not had on any charge prior to the prisoner being returned to the original place of imprisonment in the sending state, the charges shall not be of any further force and effect and shall be dismissed with prejudice. 730 ILCS 5/3-8-9, art. IV(e) (West 2008). Article V(c) provides for dismissal with prejudice if the receiving state fails to accept custody of the prisoner after filing the detainer. 730 ILCS 5/3-8-9, art. V(c) (West 2008). Article V(c) also provides for a dismissal with prejudice if a prisoner who has made the request for a final disposition pursuant to article III is not brought to trial within 180 days of the receiving state's receipt of the request, plus any court-ordered continuances for good cause, or if an officer of the receiving state requested a transfer of the prisoner and that prisoner is not tried within 120 days after being transferred. 730 ILCS 5/3-8-9, art. V(c) (West 2008). None of these circumstances applies in the case at bar, and there is no provision in the Agreement that expressly or impliedly mandates a dismissal of charges, or any other remedy, where prison officials in the sending state fail to notify a prisoner of his right to demand a final disposition of charges underlying an interstate detainer.

¶ 15    A number of federal circuit courts have considered the particular circumstance and have declined to have the receiving state bear the burden of the sending state's failure to notify a prisoner of his right to request a final disposition of charges underlying an interstate detainer. See, *e.g.*, *United States v. Lualemaga*, 280 F.3d 1260 (9th Cir. 2002); *United States v. Walker*, 255 F.3d 540 (8th Cir. 2001); *United States v. Pena-Corea*, 165 F.3d 819, 821-22 (11th Cir. 1999) (*per curiam*); *Lara v. Johnson*, 141 F.3d 239, 243 (5th Cir. 1998), *modified on other grounds*, 149 F.3d 1226 (5th Cir. 1998) (*per curiam*). In their decisions, the federal courts reasoned that the legislature expressly stated the specific circumstances in which a dismissal is mandated, that an oversight or neglect in notification by prison officials in the sending state is not a circumstance for which dismissal is mandated by the Agreement, and that courts should not expand the circumstances in which a dismissal is mandated or otherwise generalize the remedy of dismissal to cover procedural errors made by the sending state's prison officials. *Lualemaga*, 280 F.3d at 1263-64; *Walker*, 255 F.3d at 542; *Pena-Corea*, 165 F.3d at 821-22; *Lara*, 141 F.3d at 243. The above authorities concluded that the enumerated list of circumstances requiring dismissal is exclusive and limited. Consistent with these federal decisions, we conclude that the dismissal of an indictment, information, or complaint is not an available form of relief where the notice requirement under article III

of the Agreement is violated by officials in the sending state.

¶ 16　　　In this case, the defendant acknowledged that he did not request a final disposition, even imperfectly or belatedly. Thus, the defendant, after being apprised of his right to request a final disposition, did not attempt to comply with the provisions of article III. The violation of the Agreement in this case was solely attributable to the prison officials in Kentucky, and the defendant has not established that the violation prejudiced his defense and his ability to have a fair trial. The trial court did not err in denying the defendant's motion to dismiss the charges underlying the Illinois detainer.

¶ 17　　　The defendant also raises a claim of ineffective assistance of counsel because his counsel in Kentucky did not advise him of his right to request a final disposition of the Illinois charges. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-pronged test for evaluating claims of ineffective assistance of counsel. The Illinois Supreme Court adopted *Strickland*'s two-pronged test in *People v. Albanese*, 104 Ill. 2d 504, 473 N.E.2d 1246 (1984). Under the two-pronged test, a defendant must show that his counsel's performance was deficient and that the deficient performance substantially prejudiced his defense. *Strickland*, 466 U.S. 668; *Albanese*, 104 Ill. 2d 504, 473 N.E.2d 1246. A court need not consider whether counsel's performance was deficient prior to examining whether the defense was substantially prejudiced. *Strickland*, 466 U.S. at 697; *Albanese*, 104 Ill. 2d 504, 473 N.E.2d 1246. In this case, the defendant has not established that his defense and his right to a fair trial were prejudiced by his counsel's alleged failure to advise him of his right to request a final disposition of the charges underlying the detainer.

¶ 18　　　Accordingly, the judgment of the circuit court of Saline County is affirmed.

¶ 19　　　Affirmed.